NOT DESIGNATED FOR PUBLICATION

No. 117,363

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT J. ALEXANDER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed January 26, 2018. Affirmed.

*Carol Longenecker Schmidt,* of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Robert Alexander appeals the district court's denial of his motion to withdraw his no-contest plea to the crime of attempted distribution of marijuana. Alexander contends that he had good cause to withdraw his plea because he didn't enter it voluntarily—he argues his drug addiction was so severe that he only entered a plea so he could be released from jail and go buy more drugs.

The district court denied Alexander's motion after hearing Alexander testify. The court noted that Alexander had said when he entered the plea that he wasn't pleading for any reason other than what had been discussed in the plea hearing. The court concluded

that Alexander had knowingly entered into the plea, understood the consequences of it, and wasn't misled or coerced. The record supports the court's findings, and we find no abuse of discretion in its denial of Alexander's motion.

Alexander raises one other issue—that the district court violated his constitutional rights by not requiring the State to prove Alexander's criminal history beyond a reasonable doubt before imposing a sentence impacted by the existence of prior convictions. But as Alexander concedes, the Kansas Supreme Court has ruled against that claim in other cases. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, Robert Alexander pled no-contest to one count of attempted distribution of marijuana under K.S.A. 2016 Supp. 21-5301 and K.S.A. 2016 Supp. 21-5705(a)(4) and (d)(2)(A). He confirmed to the court at the plea hearing that he wasn't under the influence of drugs or alcohol. Although Alexander admitted to taking the antidepressant Wellbutrin, he assured the court that the drug "ha[d] no impact or influence on [his] ability to understand the proceedings." When the court specifically asked whether the plea was voluntary, Alexander testified that he wasn't coerced, threatened, or "otherwise persuaded . . . against [his] will" to enter his plea. The court accepted his plea and set sentencing for a later date.

Alexander was released on $10,000 bond and was placed on bond supervision pending his sentencing. But Alexander didn't adhere to the terms of his bond agreement. He was arrested for violating the terms of his bond agreement in August 2016, and was in custody from that arrest until sentencing.

2

Before sentencing, Alexander filed a motion to withdraw his plea, arguing that "he did not understand the consequences of his plea." Alexander testified in support of his motion at a hearing.   Alexander said that when he entered his plea, he was withdrawing from opiates and methamphetamine and "wasn't thinking in [his] right mind." He said that he only signed the plea agreement because he was addicted to drugs and just "wanted to get out and get high."

The court noted its duty to consider whether Alexander had been represented by a competent attorney, whether he knowingly and voluntarily entered the plea, and whether he was misled or coerced. The court concluded that Alexander knowingly entered his plea and understood the terms and consequences of the plea agreement, that he wasn't misled or coerced, and that a competent attorney represented him. Based on those conclusions, the court denied Alexander's motion to withdraw the plea. The court sentenced Alexander to 34 months in prison, followed by a 24-month term of postrelease supervision.

Alexander has appealed to our court.

ANALYSIS

Alexander first argues that the district court erred when it denied his motion to withdraw his no-contest plea for attempted distribution of marijuana prior to his sentencing.

A district court has the discretion to allow a defendant to withdraw a no-contest plea before sentencing upon a showing of good cause. K.S.A. 2016 Supp. 22-3210(d)(1). When deciding whether the defendant established good cause, the district court must consider three factors, as provided in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Those factors—also known as the "*Edgar* factors"—are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled,

coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014); *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014).

On appeal, when an evidentiary hearing has been held, we must accept the district court's factual findings if substantial evidence supports them. See *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). With those facts in mind, the defendant must show that the trial court abused its discretion by denying the motion to withdraw the plea. *State v. Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 1, 343 P.3d 544 (2015). A district court abuses its discretion if it makes an error of fact or law or if no reasonable person would agree with its discretionary judgment call. *State v. Morrison*, 302 Kan. 804, 812-13, 359 P.3d 60 (2015); *Ruiz*, 51 Kan. App. 2d at 218.

Alexander's appeal is centered on the second and third *Edgar* factors. He claims that he didn't enter his plea voluntarily because he was going through methamphetamine withdrawal and only entered his plea so he could be released on bond and go buy drugs to feed his addiction. He essentially argues that his addiction compelled him to enter his plea.

The record supports the district court's conclusion that Alexander voluntarily entered the plea, understood what he was doing, and wasn't misled or coerced. The court noted that Alexander wasn't under the influence of drugs or alcohol at his plea hearing. It also noted how Alexander specifically said at the plea hearing that his mind was clear. The court also noted that it had extensively reviewed the terms of the plea with Alexander to make sure that he understood the consequences of accepting the agreement. The court specifically considered the *Edgar* factors and found that "[t]he argument that Mr. Alexander was misled or coerced is nonexistent."

We find nothing unreasonable about the district court's conclusion that Alexander failed to show good cause for withdrawing his plea. His claim—that he simply wanted to

4

get out of jail to buy drugs because he was addicted—seemed contrary to the record of what took place at his plea hearing. And even if Alexander *was* motivated by a desire to get out of jail so that he could buy drugs, we do not think it an abuse of discretion to say that this would not be "good cause" for withdrawal of his no-contest plea here. Since a reasonable person could easily agree that these facts don't show that Alexander was somehow coerced into pleading no contest, the district court did not abuse its discretion.

Alexander also claims that the court violated his constitutional rights when it used his prior convictions, in the form of his criminal-history score, to enhance his sentence. Alexander cites *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be submitted to a jury and proved beyond a reasonable doubt.

But Alexander concedes that the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. Accordingly, a defendant's criminal-history score doesn't have to be proved to a jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. See, e.g., *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). Alexander indicates that he is raising this issue before us merely to preserve it for possible use in a federal appeal. In any case, the district court did not err when it based Alexander's sentence on his criminal-history score.

We affirm the district court's judgment.